UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:  10-CV-04831 JRT/AJB

Lisa M. Carlson,

      Plaintiff,

v.

CSC Credit Services, Inc.;
Equifax Information Services, LLC;
Experian Information Solutions, Inc.;    **PROTECTIVE ORDER**
Trans Union, LLC;
HSBC Bank Nevada, N.A.;
Wells Fargo Bank, N.A.;
Phoenix Management Systems, Inc.;
Debt Recovery Solutions, LLC; and
Jane Doe a/k/a Ms. Scurry

      Defendants.

Upon stipulation of the parties for an order pursuant to Fed. R.Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1.    As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" information is information designated pursuant to paragraph 2;

"Information" is all information within the scope of Fed. Rs. Civ. P. 30, 31, 33, 34 and 36;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate information "Confidential", to protect information within the scope of Fed. R. Civ. P. 26(c).

3. All information designated as Confidential shall be used solely for the purpose of this action, and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential information shall be limited to:

    (a) the Court and its staff;

    (b) Attorneys, their law firms, and their Outside Vendors;

    (c) persons shown on the face of the document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) the Parties;

    (f) outside independent persons (<u>i.e.</u>, persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action, but in no case shall 4(f) be

  read to allow disclosure of confidential information to any attorney whose office or firm has not entered an appearance in this lawsuit;

  (g) fact witnesses subject to stipulation by the Parties that such witnesses need to know such information;

  (h) present or former employees of the producing Party in connection with their depositions in this action (provided that no former employee shall be provided with information prepared after the date of his or her departure); and

  (i) expert witnesses disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(A).

5. Third parties producing documents in the course of this action ("Third Parties") may also designate information as "Confidential", subject to the same protections and constraints as the Parties to the action.  All information produced by such Third Parties shall be treated as "Confidential" for a period of 14 business days from the date of their production, and during that period any Party may designate such information as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraphs 4(f) through 4(i) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 14 business days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the Party whose designated information are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom

disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within 14 business days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

7. All persons receiving any or all information produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named Parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 4 and for the purposes specified in Paragraph 3 above, and in no event shall such person make any other use of such document, information, or transcript.

8. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order nor the designation of any information as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" information. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party

within 14 business days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-business day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any Party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated information.  Any Party receiving such improperly-designated information shall retrieve such information from persons not entitled to receive that information and, upon receipt of the substitute information, shall return or destroy the improperly-designated information.

11. If a Party files a document containing Confidential information with the Court, it shall file it under seal in compliance with the Electronic Case Filing Procedures for the District of Minnesota.  However, documents that have been redacted pursuant to the Court's ECF Rules may not be designated "Confidential" solely on the basis of the redacted information.  Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the Parties may seek further protections against public disclosure from the Court.

12. Any Party may request a change in the designation of any information designated "Confidential".  Any such information shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the Party seeking the

change may move the Court for appropriate relief, providing notice to any Third Party whose designation of produced information as "Confidential" in the action may be affected. The Party asserting that the information is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. A Party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

14. Within 60 days of the termination of this action, including any appeals, each Party, upon written request of the producing party, shall either destroy or return to the producing Party all information designated by the producing Party as "Confidential", and all copies of such information, and shall destroy all extracts and/or data taken from such information. Each Party shall confirm the return or destruction in writing. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

15. Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17.     The obligations imposed by the Protective Order shall survive the termination of this action.

Dated: ____3/10/11_____              __s/ Arthur J. Boylan_____
                                                                                      ARTHUR J. BOYLAN
                                                                                      Chief United States Magistrate Judge

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of __

, State of _____. My telephone number is

_____.

    I am currently employed by _____, located at

_____, and my current job title is

_____.

    I have read and I understand the terms of the Protective Order dated _____, filed in Case No. _____, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

    I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

    As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

    I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____     _____
               (Date)                                                      (Signature)